| | |
|---|---|
| CHARLES W. HOLMES, INMATE TDCJ-ID-NO.01724919 POWLEDGE UNIT PALESTINE, TX.<br>　　　　　　Plaintiff<br><br>VS.<br><br>JOHN POLLOCK, A DETECTIVE FOR THE BRAZOS COUNTY SHERIFF'S DEPARTMENT, BRYAN, TEXAS, IS BEING SUED IN HIS INDIVIDUAL CAPACITY.<br>　　　　　　Defendant | § § § § § § § § § § § § § § § | MEMORANDUM OF LAW IN SUPPORT OF 42 U.S.C. § 1983 CIVIL RIGHT'S law suit with jury demand.<br><br>United States District Court<br>Southern District of Texas<br>FILED<br>APR 09 2018<br>David J. Bradley, Clerk of Court |

## ARGUMENTS

There is no exception under federal law or under the Texas Penal Code that states that a minor child can provide the necessary consent to be a party in a recorded telephone conversation to support an affirmative defense to the statute prohibiting wiretapping. But, there is well established Texas law that states:(Because the victim's mother provided the consent necessary for the affirmative defense to the statute prohibiting wiretapping, it was not a violation of the Texas Penal Code 16.02 to record the conversation. SEE, Alameda V. State, 235 S.W.3d 218, 223, 224 (Tex.Crim.App. 2007); cert denied, 552 U.S. 1029 (2007).

Thus, the interception of internet instant messages admissible when 14 year-old-boy agreed to give the police his password and the father consented for the police to do the interception. See U.S. V. Meek, 366 F.3d 705, 711-12 (9Th Cir. 2004).

Texas law clearly states, that any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of the Texas Penal Code 16.02 or Texas Code of Criminal Procedure has a cause of action against <u>any</u> person who intercepts, discloses, or uses the communication is entitled to recovery of civil damages from the person. See the Texas Code of Criminal Procedure 18.20 Section 16(a).

There is no good faith exception for police who do not follow legal procedure(s). Therefore, when the defendant, John Pollock failed to follow legal procedure(s) the Plaintiff Charles Holmes had a subjective and reasonable expectation of privacy in the area of the interception and seizure of the contents of the telephone conversation between him "the plaintiff" and his ex-16-year-old-stepdaughter. Thus, the plaintiff, Charles W. Holmes has standing to challenge the constitutionality of the procedure(s) that the defendant, John Pollock used in the interception and disclosure of the recorded telephone conversation between the plaintiff and his ex-stepdaughter.

The United States Constitution protects individuals against invasion of their privacy by the government. See, Rime v. Hedwig Village, Texas, 765 F.2d 490 (5Th Cir. 1984), Whalen v. Roe, 429 U.S. 589, 51 L.Ed.2d 64, 97 S.Ct. 869 (1977).

*Charles W. Holmes*
Charles Womba Holmes "Pro se
TDCJ-ID-NO.01724919
Powledge Unit
1400 FM 3452
Palestine, Texas 75803

CERTIFICATE OF SERVICE

The undersigned hereby certifies that two(2) copies of the 1983 complaint with jury demand was mailed, postage prepaid, this 6 day of April 2018, to:

Clerk of Court of the United States District Court for the Southern District of Texas, Houston Division, P.O. Box 61010, Houston, Texas 77205.

*Charles W. Holmes*
Charles Womba Holmes, Pro se
TDCJ-ID-NO.01724919
Powledge Unit
1400 FM 3452
Palestine, Texas 75803